```
                      UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF COLUMBIA
_____
                              )
NASA FEDERAL CREDIT UNION,    )
                              )
          Plaintiff,          )
                              )
     v.                       )    Civil Action No. 09-404 (RWR)
                              )
W. JENKINS PLUMBING           )
& HEATING COMPANY et al.,     )
                              )
          Defendants.         )
_____)
```

### MEMORANDUM OPINION AND ORDER

Mortgagor Patricia Harvey sued her mortgagee NASA Federal Credit Union ("NASA FCU") in Maryland for compensation for fire damage caused by a furnace boiler negligently installed by W. Jenkins Plumbing & Heating Company ("Jenkins").  In turn, NASA FCU filed this suit in the Superior Court of the District of Columbia against Jenkins seeking indemnification for any damages awarded to Harvey from NASA FCU, and against Harvey for breach of contract claiming she caused the property to decrease in value after the fire.  Harvey removed this case from the Superior Court alleging that this court had both diversity jurisdiction under 28 U.S.C. § 1332(a), and federal question jurisdiction based upon the plaintiff's status as federal credit union, under 12 U.S.C. § 1789(a)(2).

- 2 -

NASA FCU moves to remand the case to the Superior Court of the District of Columbia, arguing that 28 U.S.C. § 1441(b)[1] barred Harvey from removing since Jenkins is a citizen of the state in which the action was brought, and nothing in 12 U.S.C. § 1789(a)(2) or NASA FCU's status as a federal credit union confers federal question jurisdiction upon a district court. Harvey, citing <u>Filla v. Norfolk & Southern Ry.</u>, 336 F.3d 806 (8th Cir. 2003), opposes the motion arguing that NASA FCU fraudulently joined Jenkins by asserting claims against Jenkins that are without merit, and that Jenkins' presence in the case should not destroy diversity jurisdiction.  In addition, Harvey argues that one of her counterclaims against NASA FCU creates federal question jurisdiction because it is based upon a purported violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(g).

To show that a defendant has been joined fraudulently by a plaintiff for the purpose of destroying diversity, a defendant is required to demonstrate either that there is "no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has

---

[1] A civil action of which the district courts have original jurisdiction founded on diversity of citizenship "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. 1441(b).  The District of Columbia is considered a state for the purposes of § 1441(b).  28 U.S.C. § 1451(2).

been outright fraud in the plaintiff's pleadings of jurisdictional facts." Brown v. Brown & Williamson Tobacco Corp., 26 F. Supp. 2d 74, 76-77 (D.D.C. 1998) (quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)). A defendant claiming fraudulent joinder bears a heavy burden, and courts are required to resolve disputed issues of fact and law in favor of the plaintiff. Id. at 77.

Harvey does not show that Jenkins was fraudulently joined as a party in this case. This case began in Superior Court as an action filed by NASA FCU solely against Jenkins; it was Harvey, not Jenkins, who was later added to the case as a defendant. (See Superior Court Electronic Docket, NASA Federal Credit Union v. W. Jenkins Plumbing & Heating Company, 2008 CA 008311 B, filed November 24, 2008, docket entries for November 24, 2008, November 25, 2008 and February 13, 2009.) Harvey has not shown that Jenkins was added to ths case to destroy diversity jurisdiction, and she has provided no authority to establish that the fraudulent joinder doctrine can be applied to a defendant who was the original party to the case. Nor has Harvey shown that NASA FCU has no possibility of any recovery. While Harvey alleges that the indemnification action against Jenkins is premature, NASA FCU alleges that it has already suffered damages of at least $78,000 for which Jenkins should indemnify it. (See Am. Compl. ¶¶ 24-26.) And, although Harvey alleges that a

- 4 -

decrease in the value of mortgaged property has never been recognized as supporting a cause of action for the benefit of the lender, she provides no authority to support the proposition that a decrease in the value of mortgaged property cannot be the basis for damages in this action.  Thus, Harvey has failed to meet her burden to show that Jenkins was fraudulently joined to this action.

Harvey also argues that federal question jurisdiction exists for this action based upon one of Harvey's counterclaims against NASA FCU that is ostensibly governed by federal law.  However, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Van Allen v. Bell Atlantic-Washington, D.C., 921 F. Supp. 830, 831-32 (D.D.C. 1996) (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)).  "The rule makes the plaintiff the master of the claim.  A plaintiff may avoid federal jurisdiction by exclusive reliance on state law."  Id. at 832; see also Quality Mgmt., LLC v. Time & Place World, LLC, 521 F. Supp. 2d 83, 86-87 (D.D.C. 2007) (remanding case to the Superior Court of the District of Columbia because plaintiff's claim had less than $75,000 in controversy, even though defendant's counterclaim alleged a greater amount in controversy).

- 5 -

Therefore, Harvey has not shown that this court has federal question jurisdiction in this case.

Accordingly, because the plaintiff has established that removal from the Superior Court of the District of Columbia was improper, it is hereby

ORDERED that the plaintiff's motion [2] to remand this case be, and hereby is, GRANTED.  The Clerk shall REMAND this case to the Superior Court of the District of Columbia.  It is further

ORDERED that this court shall retain jurisdiction over NASA FCU's motion [6] for sanctions regarding the fees and costs related to removal.  See Yazdani v. ACCESS ATM, Civil Action No. 06-639 (CKK), Order filed May 16, 2006.  That motion is hereby referred to a Magistrate Judge for a report and recommendation under Local Civil Rule 72.3.

SIGNED this 20th day of April, 2009.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge